FOURNET, Justice
 

 (dissenting).
 

 The General Assembly of the State of Louisiana by its Act No. 130 of 1847 defined the boundary line between the parishes of Iberville and St. Martin with precision and
 
 *461
 
 certainty until the line struck the eastern branch of Bayou Alabama. However, the italicized clause in the provision following, “thence following the said branch,
 
 in-chiding the inhabitants of both sides thereof
 
 upwards to the township line between townships six and seven, or the southern boundary of the Parish of Pointe Coupee, gives rise to the different interpretations sought by each of the parishes as explained in the majority opinion. (Italics mine.)
 

 This clause is meaningless and, in my opinion, impossible of any reasonable interpretation. I cannot conceive of any logical or reasonable construction that it can be given in the light of the object of the act.
 

 From my appreciation of the French text, which is not only at variance with the English text in the particulars pointed out in the majority opinion but also with respect to the point from which the line in controversy should begin (in the English text the point begins at the eastern branch of Bayou Alabama whereas in the French text it begins at the western branch, a point entirely out of line with the other calls), the matter is not clarified for it is inconceivable to me how a reasonable interpretation of this clause as reflected by the French text, could result in the running of the line in the manner provided for in the majority opinion.
 

 There is nothing in the definition that even remotely authorizes the following of the branch of Bayou Alabama up to the point designated as A on the map and then permits it to suddenly (and without suggestion of any kind from the language used in the act) depart from the said.branch in a northerly and westerly direction and to follow what seems to be the southern boundary of irregular Section 60 to point B on the map; to from there follow what appears to be the western boundary of a series of similar irregular sections some distance from the said branch to a point where these irregular sections spread out fan-shape and to then arbitrarily select the southern boundary of irregular Section 74 up to where it strikes the main fork of Bayou Alabama as the place where the line is to be run and from thence to the center of the main fork of Bayou Alabama; to then follow the middle of this bayou in a northeasterly direction to the point that when projected strikes the southern boundary of Sections 52 and 93; to then follow the southern and western boundaries of a series of irregular sections until it strikes a range line at a point where the southern boundary of irregular Section 36 meets with it and then proceed due north from there to point C on the map, where this strikes the southern boundary of Pointe Coupee Parish.
 

 I do not think the general assembly, that had so carefully delineated the boundary up to the point in controversy with precision and certainty, intended to leave the remainder in so much uncertainty, particularly in view of the numerous landmarks that were so easily available and could have been used had it been that body’s intention
 
 *462
 
 that the course would be as laid down in the majority opinion.
 

 We should not resort to such a strained construction if there is one that is more reasonable and in keeping with the language used that can be given the statute, particularly when to give it such a construction at the same time gives effect to the entire text of the act.
 

 From my translation of the French text this clause reads in English thusly: “ * * * from there it (said line) shall follow the said branch (east branch of Bayou Alabama),
 
 the two sides thereof comprising the habitations (plantations),
 
 as far up -as the township line between township six and seven, or the southern boundary of the parish of Pointe Coupee,” and it is my opinion that this French text of the clause is just as meaningless and impossible of being given a reasonable construction as is the English text unless it is read and considered with the clause immediately following which points out that the portion (obviously the habitations or plantations) north and east of the said line is to belong to the parish of Iberville and those habitations or plantations to the south and west of such line are to belong to the parish of St. Martin. Otherwise the latter clause would be unnecessary and therefore meaningless for it goes without saying that the location of these two parishes was already definitely established and it would be nothing more than redundancy to say that the portion of the state lying on the Iberville side of the line would form a part of Iberville parish and that on the St. Martin side would form a part of St. Martin parish.
 

 For these reasons I respectfully dissent.